UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI WU (A# 226-134-804), | No. 1:26-cv-04017 DJC SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MOISES BECERRA, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding through appointed counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 4.

The undisputed record in this case shows that Petitioner, a citizen and national of China, was arrested by U.S. Border Patrol agents on September 9, 2024, shortly after entering the United States without inspection. Immigration officials issued Petitioner a Notice to Appear the next day, administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole) and released him on his own recognizance due to lack of bed space. ECF No. 8-1 at 12. Immigrations and Customs Enforcement agents re-detained Petitioner on September 30, 2025, over a year later, during a check-in appointment, explaining that "[c]ircumstances have changed where bed space is available." Id. Petitioner remains detained at the Golden State Annex Detention Facility within this judicial district. ECF No. 8 at 8, ¶ 26.

1

Petitioner, through appointed counsel, filed an amended § 2241 petition on June 10, 2026, alleging, *inter alia*, that Petitioner's re-detention without a pre-deprivation hearing violated procedural due process. ECF No. 8 at 22-23, ¶¶ 77-81. He seeks immediate release and facilitation back to New York where he was detained, or, in the alternative, a bond hearing before an immigration judge ("IJ") in which the government must establish by clear and convincing evidence that he is a risk of danger or flight. Id. at 26.[1] Respondents filed a cursory opposition, asserting the view that Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(b)(2) and does not possess a liberty interest apart from those provided by the statute. ECF No. 9 at 1-2.

Petitioner has no criminal record, ECF No. 8 at 21, ¶ 72, and there is no evidence in the record that he has failed to comply with any conditions of release. On January 20, 2026, an immigration judge denied Petitioner's applications for asylum and withholding of removal and ordered him removed. ECF No. 9-1 at 13. Petitioner's appeal of that ruling is pending before the Board of Immigration Appeals ("BIA"). Id. at 16-18. Therefore, his order of removal is not administratively final and he is not within the 90-day "removal period" in which detention is mandatory. See 8 U.S.C. § 1231(a)(1)(B) (describing when removal period begins); Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (an order of removal becomes administratively final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.") (citing 8 U.S.C. § 1101(a)(47)(B)).

Considering all of these factors, and consistent with the Court's rulings in Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025), Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025), and Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025), the undersigned finds that Petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. Accordingly, the undersigned recommends the amended petition be granted on Count 2 (procedural due process).

---

[1] Several district court judges have required habeas respondents to return a successful habeas petitioner to their location of arrest, "which reflects the status quo prior to" such arrest. Orellana-Rivera v. Johnson, No. 5:26-CV-02116-HDV-AJR, 2026 WL 1390433, at *5 n.6 (C.D. Cal. May 14, 2026) (collecting cases).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner's first amended application for a writ of habeas corpus (ECF No. 8) be granted on Count 2.[2]

2.    Respondents be ordered to release Petitioner HUI WU (A# 226-134-804) immediately and to not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.    At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4.    If the government seeks to re-detain Petitioner, it must provide no less than 7 days of notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which Petitioner's eligibility for bond must be considered.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

5.    Respondents be directed to file a notice of compliance within three days of any order adopting these findings and recommendations.

6.    Any order adopting these findings and recommendations states that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7.    The Clerk of Court be directed to:

    a.    Serve a copy of any order adopting these findings and recommendations on the Golden State Annex Detention Facility; and

    b.    Enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after

---

[2]  In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

3

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4